UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BO J. RAMBO,

        Petitioner,        6:13-cv-01058-TC

        v.        FINDINGS AND RECOMMENDATION

JEFF PREMO,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner's Petition (#2) initially went under advisement by the court on January 27, 2014. Petitioner did not file a brief in support of his petition and the Findings and Recommendation set forth below was entered on February 20, 2014. Subsequently, petitioner requested and received two extensions of time in which to file a responsive brief, and the Findings and Recommendation was withdrawn. The extensions allowed petitioner until April 25, 2014 to file a

1 - FINDINGS AND RECOMMENDATION

brief. Petitioner has not yet filed a brief or requested an extension of time in which to do so. Therefore the following disposition is recommended.

Petitioner is in custody of the Oregon Department of Corrections pursuant to a judgment dated May 17, 2004, from the Baker County Circuit Court after convictions for two counts of Robbery in the First Degree, two counts of Assault in the Second Degree, one count of Felon in Possession of a Weapon, and Possession of a controlled Substance. After a jury convicted petitioner of these crimes, the court imposed various concurrent and consecutive sentences totaling 338 months of imprisonment.

After completing a direct appeal and collateral review (state post-conviction) proceeding, petitioner filed a petition under 28 U.S.C. § 2254, alleging a single claim of ineffective assistance of counsel.

Respondent moves to deny relief and dismiss this proceeding on the ground that petitioner has "failed to identify a cognizable claim of ineffective assistance of counsel." Response (#20) p. 2. Respondent also argues "insofar as petitioner's Ground One identifies a claim for relief, he did not present that claim to the state trial or appellate courts and that it is procedurally defaulted." *Id*.

Petitioner alleges the following claim: "1) Ineffective

2 - FINDINGS AND RECOMMENDATION

Assistance of Trial Counsel (Sixth and Fourteenth Amendments) where the court erred in failing to find that petitioner was denied his constitutional right to adequate and effective assistance of counsel when it denied the amended petition for post-conviction relief. Petitioner's right to effective and adequate assistance of trial counsel under Article 1 § 11 of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution were violated. Trial Counsel failed to effectively represent petitioner. The above had a tendency to affect the result of the criminal proceedings. Response (#2 p. 4-5. Petitioner further alleges: "<u>Ground One</u>: Ineffective Assistance of Trial Counsel (Sixth and Fourteenth Amendments) where trial counsel failed to provide suitable counsel." *Id*.

Petitioner has not alleged any specific factual allegations in support of his general allegations that his attorney "failed to effectively represent" him and "failed to provide suitable counsel."

Ineffective assistance of counsel claims are discrete and must be separately alleged with specificity. *See*, <u>Carriger v. Lewis</u>, 971 F.2d 329, 333-34 (9th Cir. 1992) (*en banc*).

The unadorned general claim that counsel was ineffective fails to state a claim cognizable under 28 U.S.C. § 2254.

In addition, under 28 U.S.C. § 2254(b)(1), an application

3 - FINDINGS AND RECOMMENDATION

for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. <u>Keeney v. Tomayo-Reyes</u>, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996).; see also, <u>Castillo v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005); *see also*, <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999) (*per curiam*) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

4 - FINDINGS AND RECOMMENDATION

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists

5 - FINDINGS AND RECOMMENDATION

only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Petitioner filed a petition for post-conviction relief alleging two claims for relief based on his trial counsel's failure to file a motion to disqualify the trial judge and for failing to allow petitioner to testify at trial. Exhibit 120 p. 4. After a hearing, the post conviction court denied relief. Exhibits 125 - 126.

Petitioner's attorney did not identify "any arguably meritorious issues on appeal," Exhibit 124 at p. 8, and therefore filed a brief in accordance with *State v. Balfour*, 311 Or 343 (1991). Petitioner declined to file a *pro se* Section B to the brief. The Oregon Court of Appeals affirmed the PCR court's decision and the Oregon Supreme Court denied

6 - FINDINGS AND RECOMMENDATION

review.

Therefore, although an appeal was technically filed, no legal or factual issues were presented to the appellate courts.[1]

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon State courts.

Thus, even if the petition before the court were to be construed as alleging the ineffective assistance of counsel claims raised in petitioner post-conviction proceeding, he procedurally defaulted those claims. Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

---

[1] Petitioner acknowledges "there are no fully preserved federal claims" in this proceeding. Petition (#2) p. 4.

7 - FINDINGS AND RECOMMENDATION

court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 6 day of August, 2014.

_____
Thomas M. Coffin
United States Magistrate Judge